# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 10-cv-07420 |
| Plaintiffs, | | Hon. William J. Hibbler |
| v. | | |
| THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, UNITED STATES CELLULAR CORPORATION, COMBINED INSURANCE SERVICES, INC., CAPITAL ONE AUTO FINANCE, INC., AND FIA CARD SERVICES, N.A. | | **JURY TRIAL DEMANDED** |
| Defendants. | | |

## DEFENDANT UNITED STATES CELLULAR CORPORATION'S ANSWER TO COMPLAINT

Defendant United States Cellular Corporation ("U.S. Cellular"), for its answer to the complaint of plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively, "Plaintiffs"), states as follows:

### Answer

<u>Complaint, ¶1</u>:  This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:  U.S. Cellular admits that Plaintiffs have alleged patent infringement and that this court has jurisdiction pursuant to the cited statutes, but U.S. Cellular denies that it has infringed and denies any liability to Plaintiffs.

<u>Complaint, ¶2</u>: Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**<u>ANSWER:</u>** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>Complaint, ¶3</u>: Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**<u>ANSWER:</u>** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>Complaint, ¶4</u>: On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171 (the "'171 patent") from an application filed on October 15, 1992, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as the inventor.

**<u>ANSWER:</u>** U.S. Cellular admits that U.S. Patent No. 7,117,171, entitled "System and Method for Making a Payment from a Financial Account," issued on Oct. 3, 2006, and that Robert Pollin is listed as the inventor. U.S. Cellular admits that the '171 patent is a division of an application filed on October 15, 1992. U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

<u>Complaint, ¶5</u>: Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '171 patent.

**<u>ANSWER:</u>** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>Complaint, ¶6</u>: PPL is an exclusive licensee to rights in the '171 patent.

**<u>ANSWER:</u>** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

<u>Complaint, ¶7</u>: Autoscribe and PPL have standing to sue for infringement of the '171 patent because they collectively own all right, title and interest in and to the '171 patent and

the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendants' acts of patent infringement.

**ANSWER:** U.S. Cellular denies that it has infringed any patent and injured Plaintiffs. U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

Complaint, ¶8: The Allstate Corporation is a Delaware corporation with a principal place of business in Northbrook, Illinois. The Allstate Corporation is licensed to do business in the State of Illinois and has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, The Allstate Corporation serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance Company, Allstate Life Insurance Company and their affiliates.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶9: Allstate Insurance Company is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance Company is licensed and authorized to conduct business as an insurance company in the State of Illinois, and can be served at 2775 Sanders Road, Northbrook, IL 60062. The Allstate Corporation and Allstate Insurance Company are collectively referred to herein as "Allstate."

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶10: On information and belief, Allstate has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Allstate.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶11: Accordingly, this Court has personal jurisdiction over Allstate because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, Allstate is licensed to do business as an insurance company in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶12: United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with a principal place of business in Chicago, Illinois. U.S. Cellular is licensed to do business in the State of Illinois and has a registered agent in Mark Krohse, 8410 W. Bryn Mawr, Suite 700, Chicago, IL 60631.

**ANSWER:** U.S. Cellular admits the allegations of this paragraph.

Complaint, ¶13: On information and belief, U.S. Cellular has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by U.S. Cellular.

**ANSWER:** U.S. Cellular admits that it operates at least one call center in this judicial district through which its subscribers can make payments using a checking account. U.S. Cellular denies the remaining allegations of this paragraph.

Complaint, ¶14: Accordingly, this Court has personal jurisdiction over U.S. Cellular because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, U.S. Cellular is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:** U.S. Cellular admits that this Court has personal jurisdiction over it and that it is licensed to do business in Illinois. U.S. Cellular denies the remaining allegations of this paragraph.

Complaint, ¶15: Combined Insurance Services, Inc. ("CISI") is an Illinois corporation with a principal place of business in Tinley Park, Illinois. CISI is licensed to do business in the State of Illinois and has a registered agent in Dennis R. O'Neill, 5487 N. Milwaukee Ave., Chicago, IL 60630.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶16: On information and belief, CISI has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's

4

checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by CISI.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶17: Accordingly, this Court has personal jurisdiction over CISI because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, CISI is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶18: Capital One Auto Finance, Inc. ("Capital One") is a Texas corporation with a place of business in Downers Grove, Illinois. Capital One is licensed to do business in the State of Illinois and has a registered agent in Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶19: On information and belief, Capital One has at least one call center through which, among other things it collects debt from a debtor's checking account through the use of telephones, including, on information and belief, debt from customers located in this judicial district. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Capital One.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶20: Accordingly, this Court has personal jurisdiction over Capital One because, among other things, it transacts substantial business in this judicial district, at least by operating and/or conducting business in such a way as to reach customers in Illinois and this judicial district, including through its location in Downers Grove, Illinois. In addition, Capital One is licensed to do business in Illinois and, upon information and belief, has collected debt from a debtor's checking account through the use of a telephone from debtor's residing in this judicial district.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5

Complaint, ¶21: Upon information and belief, FIA Card Services, N.A. ("FIA") is a chartered national bank which is chartered to do business throughout the United States, having a business address at 1100 N. King St., Wilmington, DE 19801. Upon information and belief, FIA is an indirect, wholly owned subsidiary of Bank of America (through NB Holdings Corp.) and conducts many of its operations under the Bank of America name.

ANSWER: U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶22: Upon Information and belief, FIA, either in its own name or under the Bank of America name, solicits credit card business, opens credit card accounts and collects funds from residents of Illinois and this judicial district, including through Bank of America branches. Further, upon information and belief, FIA operates ATM's in Illinois and this judicial district and in 2010 alone, FIA has filed at least 975 lawsuits in the Circuit Court of Cook County, Chancery Division, against debtors in Cook County, Illinois. Also on information and belief, FIA owns, operates, controls and/or directs the activities of call centers throughout the United States through which it collects debt from debtors in Illinois and this judicial district.

ANSWER: U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶23: Accordingly, upon information and belief, and as set forth above, this Court has personal jurisdiction over FIA because, among other things, it transacts substantial business in Illinois and this judicial district, including the collection of debt from a debtor's checking account through the use of a telephone from residents of Illinois and this judicial district, either under its own name or the Bank of America name.

ANSWER: U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶24: Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

ANSWER: To the extent this paragraph is directed to U.S. Cellular, U.S. Cellular admits that venue is proper in this district pursuant to the cited statutes. To the extent this paragraph is not directed to U.S. Cellular, it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Complaint, ¶25: Allstate has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to

6

collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Allstate will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

   **ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

   Complaint, ¶26: U.S. Cellular has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, U.S. Cellular will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

   **ANSWER:** U.S. Cellular denies the allegations of this paragraph.

   Complaint, ¶27: CISI has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, CISI will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

   **ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

   Complaint, ¶28: Capital One has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Capital One will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

   **ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶29: FIA has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, FIA will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶30: Autoscribe and PPL have complied with the provisions of 35 U.S.C. 287.

**ANSWER:** U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Complaint, ¶31: Each Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** To the extent this paragraph is directed to U.S. Cellular, U.S. Cellular denies the allegations of this paragraph. To the extent this paragraph is not directed to U.S. Cellular, it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Complaint, ¶32: Each Defendant's infringing activities have caused irreparable harm to Plaintiffs, which have no adequate remedy at law, and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting each Defendant from further infringement, contributing to and/or inducing infringement of the '171 patent.

**ANSWER:** To the extent this paragraph is directed to U.S. Cellular, U.S. Cellular denies the allegations of this paragraph. To the extent this paragraph is not directed to U.S. Cellular, it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

CH1 5610586v.1

WHEREFORE, U.S. Cellular requests that the Court enter an order dismissing the complaint with prejudice as against it, awarding U.S. Cellular its costs incurred herein, and awarding U.S. Cellular such additional relief as the Court deems equitable and just.

Dated: January 10, 2011

UNITED STATES CELLULAR CORPORATION

Respectfully submitted,

By: /s/ Rachel D. Sher
     One of Its Attorneys

Richard J. O'Brien
robrien@sidley.com
Rachel D. Sher
rsher@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel: 312.853.7000
Fax: 312.853.7036

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011, the foregoing document was filed electronically and will be served by operation of the Court's electronic filing system upon all counsel of record.

 s/ Rachel D. Sher  
Rachel D. Sher
