**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, UNITED STATES CELLULAR CORPORATION, COMBINED INSURANCE SERVICES, INC., CAPITAL ONE AUTO FINANCE, INC., and FIA CARD SERVICES, N.A.,** <br><br> **Defendants.** | **Case No. 1:10-cv-07420** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

Defendant Allstate Insurance Company ("Allstate"), by and through the undersigned

counsel, answer Plaintiffs' Complaint as follows:

1.      This is a claim for patent infringement that arises under the patent laws of the
United States, Title 35 of the United States Code. This Court has original jurisdiction over the
subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    Allstate admits that Plaintiffs purport to bring a claim based on patent

infringement under the patent laws of the United States, Title 35 of the United States Code.  The

remaining allegations of this paragraph are conclusions of law for which no answer is required.

2.      Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER:**    Allstate is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

3.      Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER:**    Allstate is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

4.      On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171 (the "'171 patent") from an application filed on October 15, 1992, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as the inventor.

**ANSWER:**    Allstate admits that the face of the '171 patent includes the title "System and Method for Making a Payment from a Financial Account," lists an issue date of October 3, 2006, and names Robert Pollin as inventor.  Allstate admits that the '171 patent claims priority to an application filed October 15, 1992, but denies that the application for the '171 patent was applied for on October 15, 1992.  More specifically, Allstate states, based on the face of the '171 patent, that the application for the '171 patent was filed on January 27, 2000.

5.      Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '171 patent.

**ANSWER:**    Allstate admits that the face of the '171 patent names Autoscribe Corporation as Assignee.  Allstate is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

6.      PPL is an exclusive licensee to rights in the '171 patent.

**ANSWER:**    Allstate is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

7.    Autoscribe and PPL have standing to sue for infringement of the '171 patent because they collectively own all right, title and interest in and to the '171 patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendants' acts of patent infringement.

**ANSWER:**    To the extent this paragraph contains conclusions of law, no answer is required.  Allstate denies that it has infringed the '171 patent and denies that the '171 patent is valid. Allstate is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

8.    The Allstate Corporation is a Delaware corporation with a principal place of business in Northbrook, Illinois. The Allstate Corporation is licensed to do business in the State of Illinois and has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, The Allstate Corporation serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance Company, Allstate Life Insurance Company and their affiliates.

**ANSWER:**    Based on the dismissal of The Allstate Corporation from this suit, Allstate provides no answer to this paragraph.

9.    Allstate Insurance Company is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance Company is licensed and authorized to conduct business as an insurance company in the State of Illinois, and can be served at 2775 Sanders Road, Northbrook, IL 60062. The Allstate Corporation and Allstate Insurance Company are collectively referred to herein as "Allstate."

**ANSWER:**    Allstate admits that it is an Illinois insurance company organized and existing under the laws of the State of Illinois with a principal place of business at 2775 Sanders Rd., Northbrook, IL, 60062-6110, at which address Allstate admits it can be served, and admits that it is licensed and authorized to conduct business as an insurance company in the State of Illinois and elsewhere.  Based on the dismissal of the Allstate Corporation from this suit, Allstate refers to the Allstate Insurance Company as "Allstate" and provides no answers on behalf of The Allstate Corporation.

10.     On information and belief, Allstate has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Allstate.

**ANSWER:**     Allstate admits that it owns, operates, and directs the activities of a call center in this judicial district, and admits that the call center is used to process payments by check using telephones.

11.     Accordingly, this Court has personal jurisdiction over Allstate because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, Allstate is licensed to do business as an insurance company in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:**     To the extent this paragraph contains conclusions of law, no answer is required.  Allstate admits that it transacts business in this judicial district, admits that it operates a call center in this judicial district, and admits that it is licensed to do business as an insurance company in Illinois and elsewhere.  Allstate denies that it has infringed the '171 patent and denies that the '171 patent is valid.

12.     United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with a principal place of business in Chicago, Illinois. U.S. Cellular is licensed to do business in the State of Illinois and has a registered agent in Mark Krohse, 8410 W. Bryn Mawr, Suite 700, Chicago, IL 60631.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

13.     On information and belief, U.S. Cellular has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by U.S. Cellular.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

14.     Accordingly, this Court has personal jurisdiction over U.S. Cellular because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, U.S. Cellular is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

15.     Combined Insurance Services, Inc. ("CISI") is an Illinois corporation with a principal place of business in Tinley Park, Illinois. CISI is licensed to do business in the State of Illinois and has a registered agent in Dennis R. O'Neill, 5487 N. Milwaukee Ave., Chicago, IL 60630.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

16.     On information and belief, CISI has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by CISI.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

17.     Accordingly, this Court has personal jurisdiction over CISI because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, CISI is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

18.     Capital One Auto Finance, Inc. ("Capital One") is a Texas corporation with a place of business in Downers Grove, Illinois. Capital One is licensed to do business in the State of Illinois and has a registered agent in Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

19.     On information and belief, Capital One has at least one call center through which, among other things, it collects debt from a debtor's checking account through the use of telephones, including, on information and belief, debt from customers located in this judicial district. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Capital One.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

20.     Accordingly, this Court has personal jurisdiction over Capital One because, among other things, it transacts substantial business in this judicial district, at least by operating and/or conducting business in such a way as to reach customers in Illinois and this judicial district, including through its location in Downers Grove, Illinois. In addition, Capital One is licensed to do business in Illinois and, upon information and belief, has collected debt from a debtor's checking account through the use of a telephone from debtor's residing in this judicial district.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

21.     Upon information and belief, FIA Card Services, N.A. ("FIA") is a chartered national bank which is chartered to do business throughout the United States, having a business address at 1100 N. King St., Wilmington, DE 19801. Upon information and belief, FIA is an indirect, wholly owned subsidiary of Bank of America (through NB Holdings Corp.) and conducts many of its operations under the Bank of America name.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

22.     Upon information and belief, FIA, either in its own name or under the Bank of America name, solicits credit card business, opens credit card accounts and collects funds from residents of Illinois and this judicial district, including through Bank of America branches. Further, upon information and belief, FIA operates ATM's in Illinois and this judicial district, and in 2010 alone, FIA has filed at least 975 lawsuits in the Circuit Court of Cook County, Chancery Division, against debtors in Cook County, Illinois. Also on information and belief, FIA owns, operates, controls and/or directs the activities of call centers throughout the United States through which it collects debt from debtors in Illinois and this judicial district.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

23.     Accordingly, upon information and belief, and as set forth above, this Court has personal jurisdiction over FIA because, among other things, it transacts substantial business in Illinois and this judicial district, including the collection of debt from a debtor's checking account through the use of a telephone from residents of Illinois and this judicial district, either under its own name or the Bank of America name.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

24.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**ANSWER:**     This paragraph contains only conclusions of law for which no answer is

required.

25.     Allstate has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Allstate will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:**     Denied.

26.     U.S. Cellular has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent.  Alternatively, U.S. Cellular will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:**     Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

27.     CISI has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, CISI will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:** Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

28. Capital One has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Capital One will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:** Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

29. FIA has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, FIA will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER:** Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

30. Autoscribe and PPL have complied with the provisions of 35 U.S.C. § 287.

**ANSWER:** Allstate is without knowledge or information sufficient to admit or deny

the allegations of this paragraph and therefore denies them.

31. Each Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Allstate denies that it has infringed the '171 patent and denies that the

'171 patent is valid. Allstate is without knowledge or information sufficient to admit or deny the

remaining allegations of this paragraph and therefore denies them.

32.     Each Defendant's infringing activities have caused irreparable harm to Plaintiffs, which have no adequate remedy at law, and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting each Defendant from further infringement, contributing to and/or inducing infringement of the '171 patent.

**ANSWER:**     To the extent this paragraph contains conclusions of law, no answer is required. Allstate denies that it has infringed the '171 patent and denies that the '171 patent is valid. Allstate is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

## PLAINTIFFS' PRAYER FOR RELIEF

Allstate denies that it has infringed the '171 patent, denies that the '171 patent is valid, and denies that Plaintiffs are entitled to the relief sought.

## <u>AFFIRMATIVE DEFENSES</u>

Allstate alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Allstate specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery. Allstate incorporates herein by reference the admissions, allegations, denials and Counterclaims contained in its Answer above and below as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

Allstate does not infringe and has not infringed (directly, contributorily, by inducement, or in any other manner) any valid and enforceable claim of the '171 patent.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '171 patent are invalid and void for failure to satisfy one or more of the requirements under §§100 *et seq.* (including §§ 101, 102, 103, and/or 112) of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting broad interpretations of the claims of the '171 patent because of statements and amendments made during prosecution of the '171 patent and/or related patent applications and/or by reason of statements in the specification limiting the scope of the claims and/or limiting the purported invention covered by the '171 patent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Section 286 of Title 35 of the United States Code.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in part or whole, by one or more of the doctrines of unclean hands, laches, estoppel, waiver, and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### <u>COUNTERCLAIMS</u>

Defendant Allstate Insurance Company ("Allstate") incorporates herein by reference the admissions, allegations, denials and Affirmative Defenses contained in the Answer above as if fully set forth herein. For the Counterclaims against Plaintiffs Autoscribe Corporation and Pollin Patent Licensing, LLC ("Plaintiffs"), Allstate states as follows:

## COUNTERCLAIM ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,117,171

1.      Allstate restates and incorporates by reference its allegations in the preceding paragraphs.

2.      An actual case or controversy exists between Allstate and Plaintiffs as to whether the '171 patent is not infringed by Allstate.

3.      A judicial declaration is necessary and appropriate so that Allstate may ascertain its rights with respect to the '171 patent.

4.      Allstate has not infringed and does not infringe (directly, contributorily, by inducement, or in any other manner) any valid and enforceable claim of the '171 patent.

## COUNTERCLAIM TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,117,171

5.      Allstate restates and incorporates by reference its allegations in the preceding paragraphs.

6.      An actual case or controversy exists between Allstate and Plaintiffs as to whether the '171 patent is invalid.

7.      A judicial declaration is necessary and appropriate so that Allstate may ascertain its rights as to whether the '171 patent is invalid.

8.      The '171 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of §§ 100 *et seq.* (including §§ 101, 102, 103, and/or 112) of Title 35 of the United States Code.

### PRAYER FOR RELIEF

WHEREFORE, Allstate prays for judgment as follows:

(a)     A judgment dismissing Plaintiffs' Complaint against Allstate with prejudice;

(b)     A judgment in favor of Allstate on all its Counterclaims;

(c)     A declaration that Allstate has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '171 patent;

(d)     A declaration that the '171 patent is invalid;

(e)     A declaration that this case is exceptional and an award to Allstate of its attorneys' fees pursuant to 35 U.S.C. § 285;

(f)     An award to Allstate of its costs in defending against Plaintiffs' claims; and

(g)     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Allstate respectfully demands a jury trial of all issues triable to a jury in this action.


Dated:  January 10, 2011                    Respectfully submitted,

                                            ____/s/Garret A. Leach_____
                                            Garret A. Leach, P.C.
                                            KIRKLAND & ELLIS LLP
                                            300 N. LaSalle Dr.
                                            Chicago, IL  60654-3406
                                            312.862.2000 Phone
                                            312.862.2200 Fax
                                            garret.leach@kirkland.com
                                            matthew.topic@kirkland.com

                                            *Counsel for Defendant/Counter-Claimant*
                                            *Allstate Insurance Company*