**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, UNITED STATES CELLULAR CORPORATION, COMBINED INSURANCE SERVICES, INC., CAPITAL ONE AUTO FINANCE, INC., and FIA CARD SERVICES, N.A.<br><br>Defendants. | ) | Civil Action No. 1:10-CV-07420<br><br>JURY TRIAL DEMANDED |

## ANSWER

Defendant Capital One Auto Finance, Inc. ("COAF"), by counsel, respectfully states its answer and affirmative defenses to the Complaint for Patent Infringement ("Plaintiffs' Complaint") filed by Plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation as follows:

## THE PARTIES

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** COAF admits that Plaintiffs' Complaint purports to assert claims for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and

that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1338(a). To the extent that there are any other factual allegations in paragraph 1, COAF denies each and every such allegation. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.

2. Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the allegations.

3. Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the allegations.

4. On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171 (the 171 patent") from an application filed on October 15, 1992, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as the inventor.

**Answer:** COAF admits that records of the United States Patent Office reflect that (1) United States Patent No. 7,117,171 (the "'171 Patent" or the "patent-in-suit") is entitled "System and Method for Making a Payment from a Financial Account," (2) the '171 Patent was issued on October 3, 2006, (3) the '171 Patent was issued from an application filed on October 15, 1992, and (4) the '171 Patent names Robert Pollin as the inventor. To the extent that there are any other factual allegations in paragraph 4, COAF denies each and every such allegation. COAF

specifically denies that it commits or has committed any acts of patent infringement with respect to the ‘171 patent.

5. Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the ‘171 patent.

**Answer:** COAF admits that the face of the ‘171 Patent retrieved from the United States Patent Office identifies Autoscribe Corporation as Assignee. COAF lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and therefore denies the allegations.

6. PPL is an exclusive licensee to rights in the ‘171 patent.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the allegations.

7. Autoscribe and PPL have standing to sue for infringement of the ‘171 patent because they collectively own all right, title and interest in and to the ‘171 patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendants’ acts of patent infringement.

**Answer:** Paragraph 7 contains a legal conclusion and argument regarding standing to which no response is required. To the extent a response is required, COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the allegations. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the ‘171 patent, that the ‘171 patent is valid, and that COAF has caused any injury to Plaintiffs.

8. The Allstate Corporation is a Delaware corporation with a principal place of business in Northbrook, Illinois. The Allstate Corporation is licensed to do business in the State of Illinois and has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, The Allstate Corporation serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance Company, Allstate Life Insurance Company and their affiliates.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9. Allstate Insurance Company is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance Company is licensed and authorized to conduct business as an insurance company in the State of Illinois, and can be served at 2775 Sanders Road, Northbrook, IL 60062. The Allstate Corporation and Allstate Insurance Company are collectively referred to herein as "Allstate."

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10. On information and belief, Allstate has at least one call center located in this judicial district, through which,' among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Allstate.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the allegations.

11. Accordingly, this Court has personal jurisdiction over Allstate because, among other things, it transacts business in this judicial district, at least by operating and/or conducting

business through its call centers in this judicial district. In addition, Allstate is licensed to do business as an insurance company in Illinois and has committed acts of infringement in this judicial district.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the allegations.

12. United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with a principal place of business in Chicago, Illinois. U.S. Cellular is licensed to do business in the State of Illinois and has a registered agent in Mark Krohse, 8410 W. Bryn Mawr, Suite 700, Chicago, IL 60631.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13. On information and belief, U.S. Cellular has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by U.S. Cellular.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the allegations.

14. Accordingly, this Court has personal jurisdiction over U.S. Cellular because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, U.S. Cellular is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15. Combined Insurance Services, Inc. ("CISI") is an Illinois corporation with a principal place of business in Tinley Park, Illinois. CISI is licensed to do business in the State of Illinois and has a registered agent in Dennis R. O'Neill, 5487 N. Milwaukee Ave., Chicago, IL 60630.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16. On information and belief, CISI has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by CISI.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17. Accordingly, this Court has personal jurisdiction over CISI because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, CISI is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations.

18. Capital One Auto Finance, Inc. ("Capital One") is a Texas corporation with a place of business in Downers Grove, Illinois. Capital One is licensed to do business in the State of Illinois and has a registered agent in Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**Answer:** COAF admits that it is a Texas corporation with a place of business in Downers Grove, Illinois, but denies that Downers Grove, Illinois is the principle place of business. In addition, COAF admits that it is licensed to do business in Illinois and has its registered agent as Corporation Service at 801 Adlai Stevenson Drive, Springfield, IL 62703. To the extent that there are any other factual allegations in paragraph 18, COAF denies each and every such allegation.

19. On information and belief, Capital One has at least one call center through which, among other things, it collects debt from a debtor's checking account through the use of telephones, including, on information and belief, debt from customers located in this judicial district. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Capital One.

**Answer:** COAF admits that it has at least one call center operating under the direction or control of COAF through which COAF collects its customers' checking account information verbally over the telephone, but denies that any such call center is located in Illinois. Unless specifically admitted herein, COAF denies each and every additional factual allegation contained in paragraph 19. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.

20. Accordingly, this Court has personal jurisdiction over Capital One because, among other things, it transacts substantial business in this judicial district, at least by operating and/or conducting business in such a way as to reach customers in Illinois and this judicial district, including through its location in Downers Grove, Illinois. In addition, Capital One is licensed to do business in Illinois and, upon information and belief, has collected debt from a

debtor's checking account through the use of a telephone from debtor's residing in this judicial district.

**<u>Answer</u>:** Paragraph 20 contains a legal conclusion and argument regarding personal jurisdiction to which no response is required. To the extent a response is required, COAF does not dispute that it is subject to personal jurisdiction in this Court. COAF admits that it transacts some business in this district, including through the location in Downers Grove, Illinois, but denies that such business is "substantial." COAF further admits that it is licensed to do business in Illinois and has collected payments from customers' checking accounts through, at least in part, the use of a telephone. Unless specifically admitted herein, COAF denies each and every additional factual allegation contained in paragraph 20. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.

21. Upon information and belief, FIA Card Services, N.A. ("FIA") is a chartered national bank which is chartered to do business throughout the United States, having a business address at 1100 N. King St., Wilmington, DE 19801. Upon information and belief, FIA is an indirect, wholly owned subsidiary of Bank of America (through NB Holdings Corp.) and conducts many of its operations under the Bank of America name.

**<u>Answer</u>:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies the allegations.

22. Upon information and belief, FIA, either in its own name or under the Bank of America name, solicits credit card business, opens credit card accounts and collects funds from residents of Illinois and this judicial district, including through Bank of America branches. Further, upon information and belief, HA operates ATM's in Illinois and this judicial district, and in 2010 alone, FIA has tiled at least 975 lawsuits in the Circuit Court of Cook County,

Chancery Division, against debtors in Cook County, Illinois. Also on information and belief, FIA owns, operates, controls and/or directs the activities of call centers throughout the United States through which it collects debt from debtors in Illinois and this judicial district.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies the allegations.

23. Accordingly, upon information and belief, and as set forth above, this Court has personal jurisdiction over HA because, among other things, it transacts substantial business in Illinois and this judicial district, including the collection of debt from a debtor's checking account through the use of a telephone from residents of Illinois and this judicial district, either under its own name or the Bank of America name.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies the allegations.

24. Venue is proper in this district under 28 U.S.C. §§ 1391(b) (d) and 1400(b).

**Answer:** Paragraph 24 contains a legal conclusion regarding venue to which no response is required. To the extent a response is required, COAF does not dispute that venue is proper in this district, though COAF contends that another venue would be more convenient. COAF lacks knowledge and information sufficient to form a belief as to the truth of any factual allegations in paragraph 24 of the Complaint and therefore denies the allegations. To the extent that there are any other factual allegations in paragraph 24, COAF denies each and every such allegation. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit.

25. Allstate has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt

throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Allstate will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the allegations.

26. U.S. Cellular has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, U.S. Cellular will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe .and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**Answer:** COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the allegations.

27. CISI has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, CISI will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**Answer**: COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the allegations.

28. Capital One has infringed and continues to infringe the ‘171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the ‘171 patent. Alternatively, Capital One will have also infringed the ‘171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**Answer**: COAF denies the allegations of paragraph 28.

29. FIA has infringed and continues to infringe the ‘171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the ‘171 patent. Alternatively, HA will have also infringed the ‘171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**Answer**: COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the allegations.

30. Autoscribe and PM have complied with the provisions of 35 U.S.C. § 287.

**Answer**: COAF lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies the allegations.

31. Each Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover 'damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**Answer:** COAF denies the allegations of paragraph 31 with respect to COAF. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit, or that it has caused any injury or damages to Plaintiffs. COAF lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and therefore denies the allegations.

32. Each Defendant's infringing activities have caused irreparable harm to Plaintiffs, which have no adequate remedy at law, and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting each Defendant from further infringement, contributing to and/or inducing infringement of the '171 patent.

**Answer:** COAF denies the allegations of paragraph 31 with respect to COAF. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit, or that it has caused any injury or damages to Plaintiffs. COAF lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and therefore denies the allegations.

To the extent the "Prayer for Relief" in Plaintiffs' Complaint states any factual allegations, COAF denies each and every such allegation. COAF specifically denies that it commits or has committed any acts of patent infringement with respect to the patent-in-suit and that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

(Non-Infringement)

1. COAF has not infringed, and is not infringing, any valid and enforceable claim of the '171 Patent.

Second Affirmative Defense

(Invalidity)

2. The '171 Patent, and each claim thereof, is invalid for failure to meet at least one of the requirements of patentability including those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

Third Affirmative Defense

(Laches)

3. Plaintiffs' claims for relief are barred by laches and Plaintiffs' unreasonable delay in seeking relief against COAF.

## PRAYER FOR RELIEF

WHEREFORE, Defendant COAF prays for judgment in its favor and against the Plaintiffs providing that:

A. the Complaint be dismissed in its entirety, with prejudice, and that Plaintiffs take nothing by their Complaint;

B. the Court find each and every claim, or at least the asserted claims, of the patent-in-suit invalid;

C. that COAF be declared not to have infringed, directly or indirectly, literally or by the doctrine of equivalents, any claim of the patent-in-suit;

D. that COAF be awarded its costs of suit;

E. that the instant action is an "exceptional case" under 35 U.S.C. § 285, and awarding COAF attorneys' fees and costs; and

F. that COAF be awarded such other and further relief to which it may be entitled.

## JURY DEMAND

COAF respectfully demands a trial by jury of any and all issues triable of right by jury in the above action.

Dated: January 12, 2011

Respectfully Submitted,

/s/ Brian M. Buroker

Brian M. Buroker
**Hunton & Williams, LLP**
1900 K Street NW
Washington, DC 20006
Telephone: (202) 955-1894
Facsimile: (202) 778-2201

Michael R. Weiner
Julianne M. Hartzell
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Dr.
Suite 6300
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
mweiner@marshallip.com
jhartzell@marshallip.com

**ATTORNEYS FOR DEFENDANT CAPITAL ONE AUTO FINANCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of January, 2011 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to all counsel of record.

/s/ Brian M. Buroker
Brian M. Buroker