**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, UNITED STATES CELLULAR CORPORATION, COMBINED INSURANCE SERVICES, INC., CAPITAL ONE AUTO FINANCE, INC. and FIA CARD SERVICES, N.A.,**<br><br>**Defendants.** | **1:10-CV-07420**<br>**Honorable William J. Hibbler** |

**DEFENDANT FIA CARD SERVICES, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant FIA Card Services, N.A. ("FIA" or "Defendant") submits this Answer and Affirmative Defenses to Plaintiffs Pollin Patent Licensing, LLC's ("PPL") and Autoscribe Corporation's ("Autoscribe") (collectively, "Plaintiffs") Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") as follows:

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: FIA admits that the Complaint includes patent infringement claims that arise under the patent laws of the United States codified in Title 35 but denies that FIA has engaged in such infringement. FIA admits that this Court has subject matter jurisdiction over this action.

2. Pollin Patent Licensing, LLC is a Florida limited liability company, with a business address of 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Autoscribe Corporation is a Maryland corporation, with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171 (the "171 patent") from an application filed on October 15, 1992, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as inventor.

**ANSWER**: FIA admits that the '171 Patent is entitled "System and Method for Making a Payment from a Financial Account." FIA further admits that the '171 Patent indicates on its face that that it issued on October 3, 2006, and that the listed inventor was Robert Pollin. FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and, on that basis, denies all such allegations.

5. Autoscribe is the owner by assignment of all legal rights, title and interest in and to the '171 patent.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. PPL is an exclusive licensee to rights in the '171 patent.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

7. Autoscribe and PPL have standing to sue for infringement of the '171 patent because they collectively own all right, title and interest in and to the '171 patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendants' acts of patent infringement.

**ANSWER**: To the extent that the allegations in paragraph 7 of the Complaint are directed against FIA, FIA denies that Autoscribe and PPL have each suffered injury from FIA's actions and further denies any alleged acts of patent infringement by FIA. FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and, on that basis, denies all such allegations.

8. The Allstate Corporation is a Delaware corporation with a principal place of business in Northbrook, Illinois. The Allstate Corporation is licensed to do business in the State of Illinois and has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, The Allstate Corporation serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance Company, Allstate Life Insurance Company, and their affiliates.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Allstate Insurance Company is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance Company is licensed and authorized to conduct business as an insurance company in the State of Illinois, and can be served at 2775 Sanders Road, Northbrook, IL 60062. The Allstate Corporation and Allstate Insurance Company are collectively referred to herein as "Allstate."

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. On information and belief, Allstate has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by Allstate.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Accordingly, this Court has personal jurisdiction over Allstate because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, Allstate is licensed to do business as an insurance company in Illinois and has committed acts of infringement in this judicial district.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with a principal place of business in Chicago, Illinois. U.S. Cellular is licensed to do business in the State of Illinois and has a registered agent in Mark Krohse, 8410 W. Bryn Mawr, Suite 700, Chicago, IL 60631.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. On information and belief, U.S. Cellular has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by U.S. Cellular.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Accordingly, this Court has personal jurisdiction over U.S. Cellular because, among other things, it transacts business in this judicial district, at leat by operating and/or

conducting business through its call centers in this judicial district. In addition, U.S. Cellular is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15. Combined Insurance Services, Inc. ("CISI") is an Illinois corporation with a principal place of business in Tinley Park, Illinois. CISI is licensed to do business in the State of Illinois and has a registered agent in Dennis R. O'Neill, 5487 N. Milwaukee Ave., Chicago, IL 60630.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16. On information and belief, CISI has at least one call center located in this judicial district, through which, among other things, it collects debt from a debtor's checking account through the use of telephones. Also on information and belief, said call center is owned, operated, controlled and/or its activities directed by CISI.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17. Accordingly, this Court has personal jurisdiction over CISI because, among other things, it transacts business in this judicial district, at least by operating and/or conducting business through its call centers in this judicial district. In addition, CISI is licensed to do business in Illinois and has committed acts of infringement in this judicial district.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18. Capital One Auto Finance, Inc. ("Capital One") is a Texas corporation with a place of business in Downers Grove, Illinois. Capital One is licensed to do business in the State of Illinois and has a registered agent in Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19. On information and belief, Capital One has at least one call center through which, among other things, it collects debt from a debtor's checking account through the use of telephones, including, on information and belief, debt from customers located in this judicial district. Also, on information and belief, said call center is owned, operated, controlled and/or its activities directed by Capital One.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20. Accordingly, this Court has personal jurisdiction over Capital One because, among other things, it transacts substantial business in this judicial district, at least by operating and/or conducting business in such a way as to reach customers in Illinois and this judicial district, including through its location in Downers Grove, Illinois. In addition, Capital One is licensed to do business in Illinois and, upon information and belief, has collected debt from a debtor's checking account through the use of a telephone from debtor's residing in this judicial district.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21. Upon information and belief, FIA Card Services, N.A. ("FIA") is a chartered national bank which is chartered to do business throughout the United States, having a business address at 1100 N. King St., Wilmington, DE 19801. Upon information and belief, FIA is an indirect, wholly owned subsidiary of Bank of America (through NB Holdings Corp.) and conducts many of its operations under the Bank of America name.

**ANSWER**: FIA admits that it is a nationally chartered bank, with a principal place of business at 1100 North King Street, Wilmington, Delaware 19801. FIA further admits that it conducts some operations under the Bank of America name. FIA further admits that it is an indirect subsidiary of Bank of America Corporation. FIA denies the remaining allegation of paragraph 21 of the Complaint.

22. Upon information and belief, FIA, either in its own name or under the Bank of America name, solicits credit card business, opens credit card accounts and collects funds from residents of Illinois and this judicial district, including through Bank of America branches. Further, upon information and belief, FIA operates ATM's in Illinois and this judicial district, and in 2010 alone, FIA has filed at least 975 lawsuits in the Circuit Court of Cook County, Chancery Division, against debtors in Cook County, Illinois. Also on information and belief, FIA owns, operates, controls and/or directs the activities of call centers throughout the United States through which it collects debt from debtors in Illinois and this judicial district.

**ANSWER**: FIA does not contest personal jurisdiction over FIA by this Court and further admits that it conducts business within the State of Illinois and in this District. Because it is unclear and vague as to what Plaintiffs are referring to as "solicits credit card business, opens credit card accounts and collects funds," "operates ATM's," "filed at least 975 lawsuits . . . against debtors," or "operates, controls and/or direct the activities of call centers," FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23. Accordingly, upon information and belief, and as set forth above, this Court has personal jurisdiction over FIA because, among other things, it transacts substantial business in Illinois and this judicial district, including the collection of debt from a debtor's checking account through the use of a telephone from residents of Illinois and this judicial district, either under its own name or the Bank of America name.

**ANSWER**: FIA does not contest personal jurisdiction over FIA by this Court and further admits that it conducts business within the State of Illinois and in this District. Because it is unclear and vague as to what Plaintiffs are referring to as "the collection of debt from a debtor's checking account through use of a telephone," FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and, on that basis, denies all such allegations.

24. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400 (b).

**ANSWER**: To the extent that the allegations in paragraph 24 of the Complaint are directed against FIA, FIA denies that venue is convenient in this Judicial District as to FIA but

does not contest venue over FIA in this Judicial District. FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 (including those alleged as to any other party) and, on that basis, denies all such allegations.

25. Allstate has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Allstate will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. U.S. Cellular has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, U.S. Cellular will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27. CISI has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, CISI will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, on that basis, denies all such allegations.

28. Capital One has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, Capital One will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29. FIA has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States in a manner which is covered by at least claims 6 and 12 of the '171 patent. Alternatively, FIA will have also infringed the '171 patent with actual notice of infringement through the filing of this Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

**ANSWER**: FIA denies the allegations of paragraph 29 of the Complaint.

30. Autoscribe and PPL have complied with the provisions of 35 U.S.C. § 287.

**ANSWER**: FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, on that basis, denies all such allegations.

31. Each Defendant's infringement, contributory infringement and/or inducement to infringe has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**ANSWER**: FIA denies the allegations of paragraph 31 of the Complaint insofar as such allegations are directed at FIA. FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 (including those alleged as to any other party) and, on that basis, denies all such allegations.

32. Each Defendant's infringing activities have caused irreparable harm to Plaintiffs, which have no adequate remedy at law, and will continue to injure Plaintiffs, unless and until this

Court enters an injunction prohibiting each Defendant from further infringement, contributing to and/or inducing infringement of the '171 patent.

**ANSWER**: FIA denies the allegations of paragraph 32 of the Complaint insofar as such allegations are directed at FIA. FIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 (including those alleged as to any other party) and, on that basis, denies all such allegations.

**PRAYER FOR (ALLEGED) RELIEF**

WHEREFORE, Autoscribe and PPL respectfully ask this Court to enter judgment against each of the Defendants, Allstate, U.S. Cellular, CISI, Capital One and FIA, as well as their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiffs and against each Defendant;

B. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. A permanent injunction prohibiting further infringement, inducement, and/or contributory infringement of the '171 Patent;

D. Increased damages and/or attorneys' fees as permitted under 35 U.S.C. § 284 and § 285;

E. Such other relief that Plaintiffs are entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

**ANSWER**: FIA denies that Plaintiffs are entitled to any relief from FIA and denies all of the allegations directed towards FIA contained in paragraphs "A" through "E" of Plaintiffs'

Prayer for Relief. To the extent that the allegations in paragraphs "A" through "E" of Plaintiffs' Prayer for Relief are directed against defendants other than FIA, FIA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies all such allegations.

**JURY DEMAND**

Plaintiffs demand a trial by jury of all issues properly triable to a jury.

**ANSWER**: FIA admits that the Complaint sets forth a request for trial by jury.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, FIA denies them.

**AFFIRMATIVE DEFENSES**

FIA's Affirmative Defenses are listed below. FIA reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

**FIRST DEFENSE**

1. FIA does not infringe, and has not infringed, under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '171 Patent.

**SECOND DEFENSE**

2. Each asserted claim of the '171 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 and the rules, regulation, and laws pertaining thereto.

**THIRD DEFENSE**

3. Plaintiffs' claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

**FOURTH DEFENSE**

4. The claims of the '171 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by FIA.

**FIFTH DEFENSE**

5. The '171 Patent is unenforceable against FIA because of estoppel (including equitable estoppel), laches, waiver, or other equitable doctrines.

**SIXTH DEFENSE**

6. The Complaint fails to state a claim upon which relief can be granted.

**REQUEST FOR RELIEF ON PLAINTIFFS' COMPLAINT**

WHEREFORE, FIA asks this Court to enter judgment in FIA's favor and against Plaintiffs by granting the following relief:

a) a dismissal of all claims in Plaintiffs' Complaint against FIA with prejudice and a complete denial of Plaintiffs' requests for damages, injunctive relief, costs, expenses, attorneys' fees, and any other form of relief;

b) a permanent injunction restraining Plaintiffs and their respective officers, agents, servants, employees, attorneys, and any other persons acting on its behalf or in concert with it, from charging or threatening, orally or in writing, that the '171 Patent has been infringed by FIA under any subsection of 35 U.S.C. § 271; and

c) an award to FIA of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

Dated: January 12, 2010

Respectfully submitted,

*/s/ Robert C. Earle*

Robert C. Earle (*admitted Pro Hac Vice*)
earle@fr.com
FISH & RICHARDSON, P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Joel D. Bertocchi
jbertocchi@hinshawlaw.com
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000 (Telephone)
(312) 704-3001 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**FIA CARD SERVICES, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Complaint for Patent Infringement was served upon counsel of record on this 12th day of January 2011, by electronic court filing pursuant to the Federal Rules of Civil Procedure.

*/s/ Robert C. Earle*
Robert C. Earle