IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, UNITED STATES CELLULAR CORPORATION, CAPITAL ONE AUTO FINANCE, INC. and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 1:10-cv-07420<br><br>Judge William J. Hibbler<br>Magistrate-Judge Michael T. Mason |

**PLAINTIFFS' RESPONSE TO ALLSTATE'S COUNTERCLAIMS**

Plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively "Autoscribe") respond to the Counterclaims filed by Defendant Allstate Insurance Company ("Allstate") on January 10, 2011 (Doc. 41), as follows.

**Counterclaim One**
**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,117,171**

1. Allstate restates and incorporates by reference its allegations in the preceding paragraphs.

**<u>Response:</u>**

Autoscribe does not respond with respect to paragraphs 1-32 of Allstate's Answer, except that Autoscribe incorporates by reference its Complaint and specifically denies Allstate's allegations of noninfringement and invalidity. With respect to Allstate's First through Seventh Affirmative Defenses, Autoscribe responds as set forth below.

1st Allstate does not infringe and has not infringed (directly, contributorily, by inducement, or in any other manner) any valid and enforceable claim of the ‘171 patent.

<u>Response:</u> Denied.

2nd The claims of the ‘171 patent are invalid and void for failure to satisfy one or more of the requirements under §§100 et seq. (including §§ 101, 102, 103, and/or 112) of Title 35 of the United States Code.

Response: Denied.

3rd Plaintiffs are estopped from asserting broad interpretations of the claims of the ‘171 patent because of statements and amendments made during prosecution of the ‘171 patent and/or related patent applications and/or by reason of statements in the specification limiting the scope of the claims and/or limiting the purported invention covered by the ‘171 patent.

Response: Denied.

4th Plaintiffs’ claims are barred in whole or in part by Section 286 of Title 35 of the United States Code.

Response: Denied.

5th Plaintiffs’ claims are barred, in part or whole, by one or more of the doctrines of unclean hands, laches, estoppel, waiver, and/or acquiescence.

Response: Denied.

6th Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief and have an adequate remedy at law.

Response: Denied.

7th Plaintiffs’ Complaint fails to state a claim upon which relief can be granted.

Response: Denied.

2. An actual case or controversy exists between Allstate and Plaintiffs as to whether the ’171 patent is not infringed by Allstate.

**Response:**

Admitted that such a controversy exists, but denied that Allstate is entitled to any relief.

3. A judicial declaration is necessary and appropriate so that Allstate may ascertain its rights with respect to the ‘171 patent.

**Response:**

Denied.

4. Allstate has not infringed and does not infringe (directly, contributorily, by inducement, or in any other manner) any valid and enforceable claim of the ‘171 patent.

**<u>Response:</u>**

Denied.

**Counterclaim Two**
**Declaratory Judgment of Invalidity of U.S. Patent No. 7,117,171**

5. Allstate restates and incorporates by reference its allegations in the preceding paragraphs.

**<u>Response:</u>**

Autoscribe incorporates by reference its responses to the allegations in paragraphs 1-4 above.

6. An actual case or controversy exists between Allstate and Plaintiffs as to whether the ‘171 patent is invalid.

**<u>Response:</u>**

Admitted that such a controversy exists, but denied that Allstate is entitled to any relief.

7. A judicial declaration is necessary and appropriate so that Allstate may ascertain its rights as to whether the ‘171 patent is invalid.

**<u>Response:</u>**

Denied.

8. The ‘171 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of §§ 100 et seq. (including §§ 101, 102, 103, and/or 112) of Title 35 of the United States Code.

**<u>Response:</u>**

Denied.

**AFFIRMATIVE DEFENSES**

Autoscribe asserts the following Affirmative Defenses against Allstate's Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1. United States Patent No. U.S. Patent No. 7,117,171 (the "'171 patent") is valid and enforceable.

2. Allstate has infringed and continues to infringe the '171 patent by, among other activities, making, using and/or conducting business through its call centers to collect debt throughout the United States, including within this judicial district, in a manner which is covered by at least claims 6 and 12 of the '171 patent. Allstate has also infringed the '171 patent with actual notice of infringement through the filing of the Complaint, by knowingly and actively inducing others to infringe and by contributing to the infringement of others by making, using and/or conducting check by phone business through its call centers.

3. Autoscribe adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, Autoscribe requests that judgment be entered against Allstate and in Autoscribe's favor on the Counterclaims brought by Allstate. Autoscribe further requests that it be granted all of the relief requested in its Complaint.

**JURY DEMAND**

Autoscribe demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

/s/ Robert A. Vitale, Jr.

Raymond P. Niro
Robert A. Vitale, Jr.
Patrick F. Solon
Laura A. Kenneally
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiro@nshn.com; Vitale@nshn.com;
Solon@nshn.com; LKenneally@nshn.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2011 the foregoing

**PLAINTIFFS' RESPONSE TO ALLSTATE'S COUNTERCLAIMS**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

*Attorneys for Allstate Insurance Company*

Garret A. Leach
KIRKLAND & ELLIS LLP
garret.leach@kirkland.com

*Attorneys for Capital One Auto Finance, Inc.*

Michael R. Weiner
Julianne M. Hartzell
MARSHALL GERSTEIN & BORUN LLP
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker
HUNTON & WILLIAMS LLP
bburoker@hunton.com

*Attorneys for FIA Card Services, N.A.*

Robert C. Earle
FISH & RICHARDSON, P.C.
earle@fr.com

Joel D. Bertocchi
HINSHAW & CULBERTSON, LLP
jbertocchi@hinshawlaw.com

*Attorneys for U.S. Cellular Corporation*

Richard J. O'Brien
Rachel D. Sher
SIDLEY AUSTIN LLP
robrien@sidley.com
rsher@sidley.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Robert A. Vitale, Jr.
Attorneys for Plaintiffs
NIRO, HALLER & NIRO