# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION, | )<br>)<br>) |
| Plaintiff, | ) No. 1:10-CV-07420 |
| v. | ) The Honorable William J. Hibbler |
| CAPITAL ONE AUTO FINANCE, INC.; FIA CARD SERVICES, N.A.; AND UNITED STATES CELLULAR CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Pollin Patent Licensing, LLC (PPL) and Autoscribe Corporation bring this patent enforcement action against United States Cellular Corporation, alleging U.S. Cellular employs a method of payment collection that allegedly infringes on a patent exclusively owned by PPL and Autoscribe (the '171 Patent).

The '171 Patent relates to a system of collecting debt from a customer's checking account over the phone. A system operator collects bank and account information from the customer and enters the information into an input screen on the operator's computer. The system then automatically verifies that information by comparing it to an information database associated with the system. After verifying the account information, the system may also generate an inquiry to the bank to determine the availability of funds in the customer's bank account. The system will notify the system operator if there are any problems with the information, so that errors in transmission can be rectified while the customer is on the line. When all verification is

complete, the system generates a paper bank draft payable to the creditor. That draft can then be processed in the banking system like an ordinary check.

Plaintiffs' complaint alleges that U.S. Cellular operates call centers throughout the United States that, among other things, collect debts from customer checking accounts through the use of telephones. They allege that those telephonic payment collections are covered by at least claims 6 and 12 of the '171 Patent. U.S. Cellular filed its answer to the complaint in January 2011.

U.S Cellular now seek leave to amend its answer to include the additional defense of unenforceability due to inequitable conduct.

## I. Standard of Review

Although motions to amend are generally granted either as a matter of course or as justice requires (Fed.R.Civ.P. 15), Courts have discretion to deny motions for leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993). An amended claim is futile if it would not survive a motion to dismiss. *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004).

## II. Inequitable Conduct Defense

U.S. Cellular's proposed amendments allege that the '171 Patent is unenforceable because inventor Robert Pollin and his counsel committed inequitable conduct in applying for the patent.

Each individual involved with the filing and prosecution of a patent application before the U.S. Patent and Trademark Office (PTO) is subject to a duty of candor and good faith in dealing with the PTO. 37 C.F.R. § 1.56(a). An accused patent infringer may allege a breach of

2

the patentee's duty of candor as a defense to patent infringement, referred to as an "inequitable conduct" defense. Inequitable conduct can be shown where a patent applicant (1) made an affirmative misrepresentation of material fact, submitted false material information, or failed to disclose material information; and (2) intended to deceive the PTO. *See Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1119 (Fed.Cir. 2008); *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1314 (Fed.Cir. 2008).

Inequitable conduct must be pleaded with particularity under Rule 9(b). *Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed.Cir. 2009). The Federal Circuit has held that, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.

U.S. Cellular alleges that the '171 Patent is unenforceable because inventor Robert Pollin or his counsel committed three separate instances of inequitable conduct. First, U.S. Cellular alleges that Pollin or his counsel failed to disclose information concerning the inventorship of the '171 Patent. Second, it alleges that Pollin or his counsel failed to disclose information concerning two prior art systems. Finally, U.S. Cellular alleges that Pollin or his counsel misrepresented standard industry practices in the bill payment sector in the patent application.

Viewing well-pleaded allegations as true and construing all reasonable inferences in a light most favorable to the Defendant, the Court rules that U.S. Cellular has sufficiently pleaded inequitable conduct.

## A. Failure to disclose information concerning inventorship

First, U.S. Cellular alleges that Pollin or his counsel failed to disclose material information from a prior litigation indicating Pollin was not the sole inventor of the system described in the '171 Patent.

PPL and Autoscribe argue that those allegations are insufficiently particular because they do not specify "who" failed to disclose the information. Plaintiffs rely on *Exergen Corp. v. Walmart*, 575 F.3d 1312 (Fed.Cir. 2009). In that case, the defendants directed their inequitable conduct allegations at a corporate entity: "Exergen, its agents and/or attorneys." The Federal Circuit, explaining that the duty to disclose does not apply to organizations, found the inequitable conduct claim insufficient because it failed to identify an *individual* who committed the material omission. *Id.* at 1329. In this case, U.S. Cellular directs its allegations at Pollin or his counsel. *Exergen* does not suggest that an inequitable conduct allegation cannot be directed at multiple potential actors, it prohibits only the naming of a corporate entity as the sole actor. Thus, U.S. Cellular has adequately pleaded facts alleging "who" failed to disclose the material information.

Plaintiffs also argue that U.S. Cellular fails to plead the "where" element because it does not identify the specific pages containing the material information: "Defendants' motions fail to cite anywhere in that 241 page range *where* the material information is found" (emphasis in original). Plaintiffs provide no support for their contention that specific page references are required at this pleading stage. At the summary judgment stage, parties must identify particular places in the record supporting their positions, but that level of specificity is not required when evaluating the sufficiency of the pleadings. *Cf.* N.D. Ill. R. 56.1, with Fed. R. Civ. P. 9(b). While defendants must plead with particularity, they need not plead with precision. Here, U.S. Cellular indentifies the particular content alleged to be material and relates that content to claims

of the '171 Patent. That is sufficient to give Plaintiffs fair notice of the basis for the inequitable conduct defense.

PPL and Autoscribe next argue that the materials concerning inventorship cannot serve as a basis for an inequitable conduct defense because the withheld information would have been cumulative of information already before the PTO. This is essentially an argument about materiality that would require the Court to evaluate the merits of the claim. At this stage of the litigation, it would be premature to engage in an analysis of whether or not the information was material to the PTO, especially because that analysis rests on matters outside the pleadings. Instead, the Court examines only whether materiality has been properly alleged. Because U.S. Cellular has alleged that the patent application would not have been granted if the information had been disclosed, the allegations are sufficient. *Bone Care Int'l v. Pentech Pharm.*, No 08-CV-1083, 2010 WL 1655455, at * 6 (N.D. Ill. April 23, 2010) (allegations that the PTO would not have granted the application necessarily imply that the information was not cumulative of materials already before the PTO).

Finally, PPL and Autoscribe argue that U.S. Cellular's allegations fail to include facts from which the Court could infer that Pollin or his counsel acted with the requisite intent to deceive. While intent may be averred generally, a pleading of inequitable conduct must include sufficient factual allegations from which a court may reasonably infer that a specific individual (1) was aware of the withheld material information, and (2) withheld it with a specific intent to deceive the PTO." *Exergen,* at 1328-29. At the pleading stage, deceptive intent need only be a reasonable inference, not necessarily the *most* reasonable inference. *ITEX v. Westtex,* No. 05 CV 6110, 2010 WL 2901793, at * 5 (N.D. Ill. July 21, 2010). In this case, because U.S. Cellular alleges the withheld information would have been material to the PTO's examination and was

known to the applicant, the allegations are sufficient to support an inference of intent to deceive. *CIVIX-DDI v. Hotels.com*, 711 F. Supp. 2d 839, 846 (N.D. Ill. 2010).

**B. Failure to disclose prior art**

Second, U.S. Cellular alleges that Pollin or his counsel failed to disclose information concerning two prior art systems. According to U.S. Cellular, both systems relate to collection and verification of bank account information. Thus, they involve functions similar to the system described in the '171 Patent.

PPL and Autoscribe argue that the prior art allegations are insufficient because (1) the material would have been cumulative of materials already before the PTO, and (2) the allegations fail to specifically identify where any relevant information is found in the prior art materials. As discussed above, the Court will not evaluate the merits of the Plaintiffs' cumulativeness argument at this stage of the litigation. Because U.S. Cellular alleges that the withheld information was material and that the patent application would not have been granted if the prior art had been disclosed, the allegations are sufficient.

PPL and Autoscribe also again argue that U.S. Cellular fails to satisfy the "where" element, because it does not specifically identify the pages containing material information. As discussed above, PPL and Autoscribe's argument is unavailing. U.S. Cellular identifies the specific prior art at issue, explains why the prior art is material to certain claims, and alleges that Pollin or his counsel failed to disclose that prior art with intent to deceive the PTO. Therefore, U.S. Cellular's allegations provide the required particularity to give Plaintiffs notice of the facts underlying the defense. *See, e.g., World Wide Stationery Mfg. Co. v. U.S. Ring Binder*, No. 4:07-CV-1947, 2009 WL 1684702, at * 3 (E.D. Mo. June 16, 2009). Defendant is not required to go

6

one step further and identify where in the prior art materials the relevant information might be found.

### C. Misrepresentation of standard industry practice

Finally, U.S. Cellular alleges that Pollin or his counsel made misrepresentations concerning the state of standard industry practice in the bill payment sector. Specifically, U.S. Cellular alleges that, in explaining a regulation's applicability to the patent application, Pollin stated: "[a]t the time of the invention it was contrary to standard industry practice to process either electronic or paper transactions based on a telephone authorization." U.S. Cellular alleges that Pollin's statement about the standard industry practice was false and, but for the misstatement, the PTO would not have allowed claims 6 and 12 of the '171 Patent. Although Plaintiffs do not devote much attention to those allegations in their opposition motion, they appear to oppose the amendment on the grounds that the allegedly misrepresented information would not have influenced the PTO one way or another. Again, Plaintiffs' argument is unavailing because it relates to the merits of the materiality element. As long as materiality is adequately alleged, the Court need not examine whether materiality can be proved.

## CONCLUSION

For the above reasons, the Court GRANTS U.S. Cellular's Motion for Leave to Amend Pleadings.

IT IS SO ORDERED.

_10/25/11_
Dated

Hon. William J. Hibbler
United States District Court

7